Kerry K. Fennelly (SBN 232621)
kfennelly@donaldsonandcornwell.com
Valentina S. Mindirgasova (SBN 272746)
vmindirgasova@donaldsonandcornwell.com
Cornwell & Baldwin
1017 East Grand Avenue
Escondido, CA 92025
(760) 747-1100 tel
(760) 747-1188 fax

Attorneys for Plaintiffs,
GCIU-Employer Retirement Fund and
Board of Trustees of the
GCIU-Employer Retirement Fund

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GCIU-EMPLOYER RETIREMENT FUND AND BOARD OF TRUSTEES OF THE GCIU-EMPLOYER RETIREMENT FUND<br><br>Plaintiffs,<br><br>v.<br><br>GOLDEN WEST ENVELOPE CORPORATION, a California Corporation<br><br>Defendant. | CASE NO.  2:17-cv-0603<br><br>**COMPLAINT FOR COLLECTION OF FRINGE BENEFIT CONTRIBUTIONS PURSUANT TO ERISA § 515, 29 U.S.C. § 1145 AND PAYROLL AUDIT** |

## COMPLAINT

Plaintiffs, GCIU-Employer Retirement Fund and Board of Trustees of the GCIU-Employer Retirement Fund, by and through undersigned counsel for a cause of action against Defendant, Golden West Envelope Corporation ("Defendant"), allege as follows:

## JURISDICTION AND VENUE

1.      This is an action for collection of fringe benefits contributions from Defendant due and owing the GCIU-Employer Retirement Fund ("Fund").  This action arises under

1

COMPLAINT

section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145.

2.      This Court has jurisdiction of Plaintiffs' claims pursuant to section 502 of ERISA, 29 U.S.C. § 1132.

3.      Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2). It is an action brought in the district where the Fund is administered.

## PARTIES

4.      Plaintiff Fund, established pursuant to collective bargaining agreements, is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.      Plaintiff Board of Trustees of the GCIU-Employer Retirement Fund ("Board of Trustees") is comprised of the present trustees who are the named fiduciaries of the Fund within the meaning of section 402(a) of ERISA, 29 U.S.C. § 1102(a), and is the plan sponsor of the Fund within the meaning of sections 3(16)(B)(iii) and 4001(a)(10) of ERISA, 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10).  The Board of Trustees administers the Fund at 1200 Wilshire Blvd, 5th Floor, Los Angeles, CA 90017-1906.

6.      Upon information and belief, Defendant is a corporation incorporated under the laws of the State of California, having its principal place of business located at 2526 Wood Street, Oakland, California 94607.

7.      The Defendant is an employer in an industry affecting commerce, all as defined under section 3(5), (11) and (12) of ERISA, 29 U.S.C. § 1002(5), (11) and (12).  The Defendant is also an employer of employees covered by an employee benefit plan and multi-employer plan maintained pursuant to collective bargaining agreements, all as defined in sections 3(3) and (37) of ERISA, 29 U.S.C. § 1002(3) and (37), and is obligated to make contributions to the pension plan in accordance with section 515 of ERISA, 29 U.S.C. § 1145.

8.      The Defendant is a party in interest with respect to the pension plan as defined in section 3(14)(H) of ERISA, 29 U.S.C § 1002(14)(H), and acts directly as an employer

2

COMPLAINT

1  and/or indirectly in the interest of employers in relation to the plan, all as defined in

2  section 3(5) of ERISA, 29 U.S.C. § 1002(5).

3  9.     To the extent that Defendant exercised any authority or control with respect to the

4  management or disposition of assets of Plaintiff Fund, it is a fiduciary within the meaning

5  of ERISA section 3(21)(A), 29 U.S.C. § 1002(21)(A).

6  **FIRST CAUSE OF ACTION**

7  *(Collection of Delinquent Fringe Benefit Contributions, Interest, and Penalties)*

8  10.    The allegations of Paragraphs 1 through 9 are incorporated by reference as if fully

9  restated.

10  11.   Section 515 of ERISA, 29 U.S.C. § 1145, provides that:

11
    Every employer who is obligated to make contributions
    to a multi-employer plan under the terms of the plan
12  or under the terms of a collectively bargained agreement shall,
    to the extent not inconsistent with law, make such
13  contributions in accordance with the terms and conditions
    of such plan or such agreement.

14

15  12.   At all times relevant herein, the Defendant was a party to a Collective Bargaining

16  Agreement with the Teamsters District Counsel 2, Local 388-M.  A true and correct copy

17  of the Collective Bargaining Agreement is attached hereto as Exhibit 1.

18  13.   Pursuant to the Collective Bargaining Agreement, the Defendant is bound by the

19  terms and conditions, rules and regulations of the Fund's Trust Agreement ("Trust

20  Agreement") and the Fund's Collections Procedures ("Collection Procedures").  True

21  and correct copies of the current Trust Agreement and Collection Procedures are attached

22  hereto as Exhibits 2 and 3.

23  14.   The Collective Bargaining Agreement and the Trust Agreement obligate

24  Defendant to remit contributions to the Plaintiff Fund.

25  15.   At all times relevant herein, the Defendant had an obligation to remit contributions

26  by the fifteenth (15th) day of the month following the month during which the hours were

27  worked by employees and the contributions accrue.

28

COMPLAINT

16.     Upon information and belief, Defendant has not remitted fringe benefit contributions for the hours worked by employees covered by the Collective Bargaining Agreement during the period of August 2015 through November 2015, and for the period of October 2016 through December 2016.

17.     Pursuant to the Trust Agreement, the Collective Bargaining Agreement by reference, the Plaintiffs' Collections Procedures, and 29 U.S.C. §1132(g)(2), in the event the Defendant fails to timely remit the contributions, it is liable not only for the amount of contributions due, but also for the following: (1) interest on the unpaid and untimely paid Fund contributions, at the rate of ten percent (10%) per annum, plus (2) the greater of interest on the unpaid and untimely paid Fund contributions or liquidated damages equal to twenty percent (20%) of those delinquent contributions; plus (3) costs and fees of collection and attorneys' fees.

18.     Despite repeated attempts by the Plaintiffs to collect these amounts, in addition to the fringe benefit contributions, Defendant has also not paid the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees due and owing in connection with the delinquent fringe benefit contributions.

19.     Defendant has remitted contributions for May 2016 through September 2016 hours, but submitted these contributions after the fifteenth (15th) day of the month following the month during which the hours were worked by employees and the contributions accrue.

20.     Plaintiffs estimate that Defendant owes $3,031.04 in fringe benefit contributions, 10% in interest per annum, and liquidated damages equal to 20% of the delinquent fringe benefit contributions for the period of August 2015 through November 2015, and for the period of October 2016 through December 2016.

21.     The amounts of fringe benefit contributions and liquidated damages are estimated because Defendant has failed to submit its contribution report forms for the months of August 2015 through November 2015, and October 2016 through December 2016. The interest is unknown at this time because the underlying fringe benefit contributions have

4

COMPLAINT

not been paid. Therefore, Plaintiffs have been unable to determine the exact amounts owed by Defendant.

22.    Defendant also owes $147.17 in interest and liquidated damages resulting from the late payment of contributions for May 2016 through September 2016 hours.

23.    Defendant is in violation of section 515 of ERISA, 29 U.S.C. § 1145 and the Plaintiffs' Trust Agreement, because Defendant has failed to timely pay its fringe benefit contributions for the months of August 2015 through November 2015, and October 2016 through December 2016, and interest and liquidated damages for the period of August 2015 through December 2016.

## SECOND CAUSE OF ACTION

### *(Payroll Audit)*

24.    The allegations of Paragraphs 1 through 23 are incorporated by reference as if fully restated.

25.    The Collective Bargaining Agreement, the Trust Agreement, and the Collections Procedures obligate the Defendant to permit the Plaintiffs, on demand, to check, examine and audit its books and records, including its payroll records, relating to hours worked by all employees, including Union, non-Union, bargaining unit, and non-bargaining unit employees, of the Defendant.

26.    Defendant is contractually liable under the Trust Agreement and Collections Procedures to pay the costs and expense of the audit, all auditing fees, and any and all attorney fees and costs incurred by the Plaintiffs in obtaining the audit.

27.    Defendant is contractually liable under the Collective Bargaining Agreement, Trust and Collections Procedure to timely report on a monthly basis the number of hours worked by all of its employees performing bargaining unit work.

28.    Plaintiffs require an audit covering the period of August 2015 through the present to determine the number of hours worked by Defendant's employees so that the accurate amount of fringe benefit contributions owed to Plaintiffs can be determined.

29. Defendant, therefore, must be ordered to produce its books and records for Plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit.

30. In the event, it is discovered that the Defendant has not properly paid the appropriate monies to the Plaintiffs, the Court must enter a judgment for any and all contributions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collections, audit fees and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, on Plaintiffs' First Cause of Action, judgment against Defendant as follows:

1. $3,031.04 in unpaid contributions now due and owing for the months of for August 2015 through November 2015, and October 2016 through December 2016;

2. $606.21 in unpaid liquidated damages now due and owing on the unpaid contributions for August 2015 through November 2015, and October 2016 through December 2016;

3. Interest now due and owing on the unpaid contributions for August 2015 through November 2015, and October 2016 through December 2016;

4. Reasonable attorneys' fees and costs in this action pursuant to 29 U.S.C 1132(g)(2)(D) and the Trust Agreement; and

5. For such other and further relief, as may be proper.

WHEREFORE, on Plaintiffs' Second Cause of Action, judgment against Defendant as follows:

1. A judgment against the Defendant requiring it to produce its books and records covering the period of August 2015 through the present for Plaintiffs' review and audit, to pay the costs and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit;

COMPLAINT

2. A judgment for any all contributions and deductions that are determined to be due, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' fees; and

3. For such other and further relief, as may be proper.

Dated: January 25, 2017       /s/ Valentina S. Mindirgasova
                                     Kerry K. Fennelly
                                     Valentina S. Mindirgasova
                                     Cornwell & Baldwin
                                     1017 East Grand Avenue
                                     Escondido, CA 92025
                                     (760) 747-1100
                                     kfennelly@donaldsonandcornwell.com
                                     vmindirgasova@donaldsonandcornwell.com
                                     Attorneys for Plaintiffs

7

COMPLAINT